UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALVIN LORENZO HARGROVE,

        Plaintiff,

vs.                               Case No.  2:05-cv-617-FtM-99SPC

JAMIE THORPE; PAUL IEZZI; STEVEN
MALDONADO; HENDRY COUNTY SHERIFF'S
OFFICE,

        Defendants.
_____

**ORDER**

    On June 13, 2006, the Court entered an Order (Doc. #11) providing plaintiff copies of forms for the execution of service of process.  In that Order, plaintiff was reminded that it was his "responsibility to obtain service of process through a private process server or the Sheriff's Office if defendants [did] not waive personal service." (Doc. #11.)  The Request for Waivers were sent[1], however, defendants declined to waive personal service.  As such, personal service is required.

**I.**

    In his Complaint (Doc. 31), plaintiff names Jamie Thorpe, Paul Ielli, and Steven Maldonado as Deputies with the Hendry County Sheriff's Office; and the "Hendry County Sheriff's Office/Sheriff" in count four.  In Count Four, plaintiff alleges a general civil

---

    [1]The Court notes that plaintiff sent a request for waive of service to Ronald Edward Lee, Sr., however, this individual is not named in the Complaint.  (See Doc. #13.)

rights violation against the Hendry County Sheriff's Office as the entity responsible for the training and supervision of the individual deputies.  Plaintiff alleges that the Sheriff's Office failed to take corrective action, and that their inaction facilitated the deputies' ability to fabricate offenses and charges against plaintiff, and use excessive force against.  Plaintiff alleges that he suffered severe emotional trauma, physical injury, pain and suffering, mental anguish, and an inability to fully function to work for gain time.  Plaintiff alleges that the Hendry County Sheriff's Office's inaction constituted deliberate indifference.  (Complaint, pp. 13-15.)

The Hendry Sheriff's Office is not a legal entity and, therefore is not capable of being sued.  <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992).  Sheriff departments and police departments are not considered legal entities subject to suit.  <u>Id.</u>  Rather, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Fed. R. Civ. P. 17(b).  To the extent that a plaintiff seeks to assess liability against a governmental entity in Florida, he is required to bring an action against the name of the individual who holds the office responsible for the individual's alleged wrong doing.  Here, Plaintiff should have brought his action against Ronnie Lee, the Sheriff of Hendry County.  Art. VIII, § 1(d), Fla. Const. (The Sheriff is the constitutional officer elected by the people).

Even when the Court liberally construes the Complaint as properly naming the Sheriff of Hendry County (as opposed to the Sheriff's Office), it must still be dismissed.  It is clear from the allegations in the Complaint that the Sheriff did not in any way directly participate in the alleged constitutional deprivation. Plaintiff expressly attributes liability against the Sheriff solely on the basis of his supervisory position, and the Sheriff's supervisory position, without more, does not subject him to liability.  Mondell v. Dept. of Soc. Servs., 436 U.S. 658, 690-692 (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1189 (1994).  Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct so as to render the Sheriff liable in his official capacity.  Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. State, 111 F. Supp. 2d 1326 (S.D. Fla. 2000).

Viewing the facts alleged in the light most favorable to Plaintiff, the Court concludes that no relief could be granted against Defendant Hendry County Sheriff's Office, or alternatively against the Sheriff of Hendry County in either his personal or official capacity, under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint.

Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001)(citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Therefore, this defendant will be dismissed from the Complaint.

**II.**

Although not proceeding *in forma pauperis*, due to plaintiff's *pro se* incarcerated status, plaintiff may utilize the U.S. Marshal's Office to facilitate service of process on the remaining individual defendants. The U.S. Marshal charges $45.00 an hour for personal service plus mileage at a rate of 44.5¢ a mile.[2] Plaintiff will be required to issue a check payable to the "U.S. Marshal's Service" in advance for service of process to be executed by their office. As the Court finds that the Sheriff's Office/Sheriff is due to be dismissed as a party, plaintiff will be required to render payment for three individuals. The U.S. Marshal's Service estimates payment due to be approximately $310.05.[3] The U.S. Marshal's Service will not execute service without full payment in advance, but any excess payment will be refunded. Plaintiff is strongly encouraged to contact the U.S. Marshal's Service for further information at (239) 337-0002 or

---

[2] See 28 C.F.R. § 0.114; 5 U.S.C. § 5707(b).

[3] Estimated minimum amount based on a rate of $90 per person due to the distance ($45.00 an hour) for a total of $270.00, plus mileage at a rate of 44.5¢ a mile for a distance of approximately 30 miles for a total of $13.35 each.

otherwise engage the services of a local Hendry County Sheriff's Office to execute service of process.

Accordingly, it is now

**ORDERED**:

1. The Hendry County Sheriff's Office, or in the alternative, the Sheriff individually and/or officially, is **dismissed without prejudice**. The Clerk shall correct the caption to reflect the dismissal and terminate this defendant on the docket.

2. The Clerk shall provide a copy of this Order to the U.S. Marshal's Service and plaintiff's mother Genette Terry at the address provided on plaintiff's letter notice of change of address (Doc. #16)[4] without adding her to the docket.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2006.

JOHN E. STEELE
United States District Judge

Copies:
U.S. Marshal
Counsel of record

---

[4] P.O. Box 1412, Labelle, Florida, 33975.